# IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVE SANSON, AN INDIVIDUAL;
AND ROB LAUER, AN INDIVIDUAL,
Appellants,
vs.
LAWRA KASSEE BULEN,
Respondent.

No. 82393

FILED

APR 29 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court post-judgment order denying a motion for statutory damages in a torts action. Eighth Judicial District Court, Clark County; Jessica K. Peterson, Judge.[1]

Respondent Lawra Kassee Bulen filed a defamation complaint against appellants Rob Lauer and Steve Sanson alleging that they authored and published numerous false statements about her in two articles and a video. The district court granted appellants' special motion to dismiss Bulen's complaint pursuant to Nevada's anti-SLAPP statute, NRS 41.660. The district court then awarded appellants their requested attorney fees and costs under NRS 41.670(1)(a), which provides that "the court shall award" reasonable costs and attorney fees to a prevailing defendant on a special motion to dismiss. But the district court denied appellants' request for additional statutory damages. *See* NRS 41.670(1)(b) (providing that the district court "may award" additional damages of up to $10,000 to a prevailing defendant).

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

SUPREME COURT
OF
NEVADA

(O) 1947A

22-13641

This court generally reviews a district court's award of attorney fees and costs for an abuse of discretion, but when the award "implicates a question of law, including matters of statutory interpretation, we review the ruling de novo." *Smith v. Zilverberg*, 137 Nev., Adv. Op. 7, 481 P.3d 1222, 1230 (2021). Appellants argue that the district court erred in denying their request for additional statutory damages under NRS 41.670(1)(b) by reading language into the statute that the Legislature intentionally omitted—that statutory damages are only appropriate if the complaint was filed "in bad faith or for any ill reason." *See In re Christensen*, 122 Nev. 1309, 1323, 149 P.3d 40, 49 (2006) ("[I]f the legislature includes a qualification in one statute but omits the qualification in another similar statute, it should be inferred that the omission was intentional."). Appellants urge that the district court's statement suggested it could not award the additional damages absent a finding that the complaint was frivolous, vexatious, or brought in bad faith. And, because anti-SLAPP cases are frivolous by their very nature, *see Abrams v. Sanson*, 136 Nev. 83, 91, 458 P.3d 1062, 1069 (2020) (noting that "the anti-SLAPP statutes protect against frivolous lawsuits"), appellants argue that the district court abused its discretion in denying statutory damages on this basis. We disagree.

Our review of the record demonstrates that the district court's comment did not impose an additional requirement into the statute; it simply explained why the court found in its discretion that further damages were not warranted.[2] We further note that the district court's comments

---

[2]Because we conclude that the district court did not add a bad faith finding to NRS 41.670(1)(b)'s discretionary damages provision, we decline appellants' invitation to adopt factors the district court must consider or

demonstrate that it considered whether imposing additional damages would further the anti-SLAPP statutes' goal of deterring litigants from filing meritless SLAPP suits in the future. *See Smith*, 137 Nev., Adv. Op. 7, 481 P.3d at 1230-31 (observing that the purpose of NRS 41.670's fee and cost award provision was to "limit[ ] the chilling effect of civil actions filed against valid exercises of" a citizen's First Amendment free speech rights). Under such circumstances, we cannot agree that the district court abused its discretion by denying appellants' request. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____ ,C.J.
Parraguirre

_____ , J.
Hardesty

_____ , Sr.J.
Gibbons

cc:     Hon. Jessica K. Peterson, District Judge
        Breeden & Associates, PLLC
        Brandon L. Phillips, Attorney At Law, PLLC
        Eighth District Court Clerk

_____

otherwise curtail the district court's discretion when asked to award sanctions under NRS 41.670(1)(b).

[3]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.